**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000386
05-APR-2024
08:36 AM
Dkt. 110 SO**

NO. CAAP-18-0000386

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Plaintiff-Appellee,
v.
JON S. VAN CLEAVE; JVC PARTNERS-II, A LIMITED LIABILITY
PARTNERSHIP, Defendants-Appellants,
and
LISA ANNE RACITI; JAY MARTINEZ; ALLIANCE BANCORP;
BANK ONE NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND
SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2002 FOR SACO 1
TRUST 2002-1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-1;
JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS OR OTHER
ENTITIES 1-20, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 13-1-0278)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Jon S. Van Cleave (**Van Cleave**)
and JVC Partners-II, a Limited Liability Partnership (**JVC**)
(collectively, **Appellants**), appeal from the: (1) March 9, 2018
"Findings of Fact and Conclusions of Law; Order Granting

Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed October 12, 2017" (**Foreclosure Decree**); (2) March 9, 2018 Judgment; and (3) April 20, 2018 "Order Denying Defendants Jon S. Van Cleave and JVC Partners-II, a Limited Partnership's Non-Hearing Motion for Reconsideration of March 9, 2018 Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure and the Judgment Thereon, Filed on March 19, 2018" (**Order Denying Reconsideration**), all filed and entered by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

On appeal, Appellants challenge the Foreclosure Decree, arguing that Plaintiff-Appellee JPMorgan Chase Bank, National Association (**JPMorgan**) failed to prove it "had standing to file and to prosecute a foreclosure action" and "never proved that they had ownership of the underlying promissory note and mortgage . . . ."[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we affirm.

On September 26, 2013, JPMorgan filed a "Complaint to Foreclose Mortgage" (**Complaint**) on the property located on Kukuna Road, Anahola, HI 96745 (**Property**) due to Defendant-Appellee Lisa Anne Raciti's (**Raciti**) default under the terms of the note, and Raciti and Defendant-Appellee Jay Martinez's (**Martinez**) default under the terms of the mortgage. The

---

[1]     The Honorable Randal G.B. Valenciano presided.

[2]     While Appellants appeal from the Order Denying Reconsideration, they do not raise any point of error or present any argument challenging the Order Denying Reconsideration, and such challenge is waived. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived."). We address Appellants' point of error challenging the Foreclosure Decree.

2

Complaint named the following defendants:  Raciti; Martinez; Alliance Bancorp; Bank One National Association, as Trustee under the Pooling and Servicing Agreement dated as of November 1, 2002 for SACO 1 Trust 2002-1 Mortgage Pass-Through Certificates, Series 2002-1; the County of Kaua'i; Van Cleave; and JVC.  The Complaint alleged, inter alia, that Raciti executed and delivered a March 27, 2007 promissory note (**Note**) to Washington Mutual Bank, FA, a federal savings bank; the Note was secured by a March 27, 2007 mortgage on the Property (**Mortgage**) executed by Raciti and Martinez; JPMorgan is the current holder of the Mortgage and Note; due to Raciti's default on the Note, Martinez is in default under the terms of the Mortgage; and JPMorgan is entitled to foreclose on the Property. The other parties were named as defendants because of their possible interests in the Property.  Regarding Appellants, the Complaint alleged that Appellants "may have an interest in the Property by virtue of a First Amended Notice of Pendency of Action" (**NOPA**) filed in the Circuit Court on July 27, 2009, and recorded against the Property that referenced a pending action in another case; and that Appellants' "interest may no longer be valid" as the other case "was dismissed on August 8, 2012 per order of the Circuit Court . . . ."  The Complaint requested that:

> any interest or lien claimed by any Defendants herein named and all persons claiming any interest in the Property through or under said Defendants, . . . be forever barred and foreclosed of and from all right, title and interest and claims at law or in equity in and to said Property and every part hereof; and that these interests or liens be adjudicated subordinate to the lien of [JPMorgan]'s Mortgage[.]

On January 31, 2017, the clerk entered default against Raciti and Martinez for failing to answer the Complaint.

On October 12, 2017, JPMorgan filed a Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (**MSJ**).

On November 8, 2017, Appellants filed an opposition to the MSJ, arguing that in August 2005, JVC, the previous owner of the Property,[3] executed a note and mortgage in favor of SFG Income Fund VI, LLC (**SFG**), and on August 3, 2006, SFG commenced a foreclosure action against Appellants. Appellants claimed that to avoid foreclosure, on January 26, 2007, they entered into a real estate purchase contract with Raciti and Martinez for the sale of the Property. Van Cleave alleged he "signed the closing documents under extreme duress" to avoid foreclosure; Van Cleave has "an equitable interest in the Property based on the fraudulent activities associated with the conveyance of the Property in 2007"; "Raciti and Martinez obtained title to the Property through fraudulent means"; and their "suspect" title creates a genuine issue of material fact, which precludes summary judgment.[4]

On January 8, 2018, JPMorgan filed its reply, arguing that Appellants "lack[ed] standing" to challenge the MSJ because Appellants: (1) have not had a legal interest in the Property for over ten years "since title to the Property was transferred from JVC to RACITI and MARTINEZ **in 2006**"; (2) are not parties to the Note or Mortgage at issue; (3) failed to successfully assert a claim against any party to "theor[etically] give them an

---

[3]    Van Cleave declared that he purchased the Property in 2000, and conveyed it in 2003 to JVC.

[4]    In their MSJ opposition below, Appellants did not raise the argument they now make on appeal that JPMorgan lacked standing to bring the foreclosure action. The MSJ opposition also did not contain Appellants' argument that JPMorgan failed to prove "ownership of the underlying promissory note and mortgage."

interest in the Property"; and (4) are time-barred from asserting any such claim.

At the January 9, 2018 MSJ hearing, the Circuit Court orally granted the MSJ.

On March 9, 2018, the Circuit Court entered the Foreclosure Decree and Judgment.

On March 19, 2018, Appellants filed a non-hearing Motion for Reconsideration arguing that the Circuit Court's grant of the MSJ should be set aside because JPMorgan lacked standing to foreclose.

On March 29, 2018, JPMorgan filed an opposition to the Motion for Reconsideration, arguing that it had standing to foreclose on the Property; it was improper for Appellants to assert their standing argument for the first time in their Motion for Reconsideration; and under the recent Behrendt opinion cited by Appellants, that Appellants, and not JPMorgan, lacked standing to challenge the foreclosure because Appellants "*have no legal interest in the subject property, and . . . have admitted that they have not had an interest in the subject property for over 10 years*."

On April 20, 2018, the Circuit Court entered its Order Denying Reconsideration.

> **Appellants waived the arguments they raise on appeal challenging the Foreclosure Decree and Judgment.**

The record reflects that Appellants' arguments on appeal were raised for the first time in their Motion for Reconsideration and not in their MSJ opposition. Appellants argued in their Motion for Reconsideration that JPMorgan did not establish its standing to foreclose under Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 414 P.3d 89 (2018), Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), and

5

U.S. Bank, N.A. v. Mattos, 140 Hawaiʻi 26, 398 P.3d 615 (2017) because "evidence of a foreclosing plaintiff's ownership of the underlying promissory note" and "detailed personal knowledge to the authenticity of the loan documents" are required to have standing in a foreclosure action. None of these arguments and cases raised in Appellants' 254-page Motion for Reconsideration were raised in Appellants' opposition to the MSJ.

"The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion[.]" Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992) (citation omitted). "[A] motion for reconsideration is not the time to relitigate old matters." Briggs v. Hotel Corp. of the Pac., Inc., 73 Haw. 276, 287 n.7, 831 P.2d 1335, 1342 n.7 (1992). While subject matter jurisdiction may be raised at any time, "standing is not an issue of subject matter jurisdiction" and may be waived. Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 192, 439 P.3d 127, 144 (2019). With the sole exception of the argument regarding the Behrendt case, which was issued March 15, 2018 after the Circuit Court's entry of the March 9, 2018 Foreclosure Decree, Appellants' arguments should have been presented in their opposition to the previously adjudicated MSJ. See Amfac, Inc., 74 Haw. at 114, 839 P.2d at 27. These arguments are waived. See id.

**Even without waiver, Appellants nonetheless lack standing to challenge the Foreclosure Decree.**

JPMorgan argues on appeal that Appellants lack standing to challenge the Foreclosure Decree because they transferred their interest in the Property more than ten years prior to Raciti and Martinez; and that Appellants "set forth no

law" to support that they met the requirement of standing. Appellants respond that they were named as defendants in the foreclosure action below; they "had possession of the [P]roperty for nearly ten years"; and they "claim an equitable reversionary interest following being defrauded."

"[T]he injury prong of the standing inquiry requires an assertion of a judicially-cognizable injury, that is, a harm to some legally-protected interest." Sierra Club v. Dep't of Transp., 115 Hawaiʻi 299, 321, 167 P.3d 292, 314 (2007) (citations omitted).  In Behrendt, 142 Hawaiʻi at 41, 414 P.3d at 93, the Hawaiʻi Supreme Court held that a subsequent purchaser who was not a party to the mortgage and note at issue could challenge the foreclosure decree.  The supreme court explained that because a subsequent purchaser "obtains an interest in [the] property," the subsequent purchaser had the right to "'defend against the taking of a bona fide interest in the property through a foreclosure sale.'"  Id. at 42-43, 414 P.3d at 94-95 (citation omitted) (emphasis added).  Behrendt clarified that in the foreclosure context, standing to defend against, or to challenge, a foreclosure is dependent upon whether one has an interest in the property that may be harmed by foreclosure.  See id.; Sierra Club, 115 Hawaiʻi at 321, 167 P.3d at 314.

Here, based on the parties' MSJ submissions, the Circuit Court appears to have determined that any interest Appellants had or may have had from the NOPA filed in a 2007 breach of contract lawsuit, "Civil No. 09-4-0220" [sic], was no longer legally "valid" because the 2007 breach of contract lawsuit was dismissed on August 8, 2012.  We also take judicial notice that the pending action the above-referenced NOPA refers to, a breach of contract lawsuit against Raciti and Martinez in

the Fifth Circuit Court in Civil No. 09-1-0200, was dismissed on August 8, 2012, as noted in the Foreclosure Decree.  Because the record reflects that Appellants have no interest in the Property, Appellants have no standing to challenge the Foreclosure Decree in this appeal.  See Behrendt, 142 Hawaiʻi at 42-43, 414 P.3d at 94-95.

For the foregoing reasons, the (1) March 9, 2018 "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure Filed October 12, 2017"; (2) March 9, 2018 Judgment; and (3) April 20, 2018 "Order Denying Defendants Jon S. Van Cleave and JVC Partners-II, a Limited Partnership's Non-Hearing Motion for Reconsideration of March 9, 2018 Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure and the Judgment Thereon, Filed on March 19, 2018," all filed and entered by the Circuit Court of the Fifth Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, April 5, 2024.

On the briefs:

Gary Victor Dubin,
for Defendants-Appellants.

Adrian L. Lavarias,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge